IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LISA HILL,<br><br>    Plaintiff,<br><br>  v.<br><br>THE ALAMEDA COUNTY PROBATION DEPARTMENT, ET AL.,<br><br>    Defendants. | No. 3:14-cv-04856-CRB<br><br>**ORDER GRANTING MOTION TO DISMISS** |

Plaintiff Lisa Hill is a former employee of the Alameda County Probation Department. She asserts a variety of claims alleging retaliation and discrimination on account of her race. Defendants move to dismiss Hill's second, third, and fourth causes of action, which are those that relate to alleged discrimination. Other causes of action that relate to alleged retaliation are not at issue in the instant motion. The Court hereby GRANTS the motion to dismiss.

## I.     BACKGROUND

As relevant to the instant motion to dismiss, Hill alleges the following facts in her First Amended Complaint ("FAC") (dkt. 11). Hill is an African-American woman over 40 years of age who has been employed by the Alameda County Probation Department ("ACPD") since 1985. FAC ¶¶ 11–12. During her years of employment, Hill received regular raises and promotions, including one in January 2011 to her current position as Camp

Superintendent for Camp Sweeny, a youth camp associated with the ACPD.  FAC ¶ 13.  The following month, David Muhammad (who is not named as an individual defendant in the instant suit) became Hill's supervisor when he was hired as Chief Probation Officer for Alameda County.  FAC ¶ 14.  Hill alleges that Muhammad subjected her to "disparate and unfair treatment," "made it clear he did not want Plaintiff as the Camp Superintendent," pressured her to take a demotion, "removed Plaintiff from the Chair of the Disproportionate Minority Contact Committee," "made publicly embarrassing remarks about her, interfered with Plaintiff's attempts to be promoted," and "unfairly and negatively evaluated Plaintiff's performance."  FAC ¶ 15.  After Muhammad was placed on administrative leave in February 2012 pending unrelated charges, Defendant La Donna Harris was appointed as interim Chief Probation Officer and remains in that position.  FAC ¶ 18.  Hill alleges that Harris has subjected her to "further adverse employment actions, including a denial of a performance evaluation and denial of promotion," and that Harris has "marginalized" Hill by "not recogniz[ing] Plaintiff's work," letting Hill's "accolades go unnoticed," and "ignor[ing] Plaintiff in public."  FAC ¶¶ 19-25.

Hill also alleges claims related to the selection of a new Deputy Chief, a promotion for which Hill applied and was not selected.  During the recruitment process, Harris installed an interim Deputy Chief Probation Officer who had not applied for the exam.  FAC ¶ 26.  Human Resources later advised that recruitment for the Deputy Chief position was cancelled because Harris "was not able to establish five ranks for the examination."  FAC ¶ 30.  The Alameda County Charter states that:

> "Whenever a position in the competitive classified civil service is to be filled by a regular appointment, the appointing authority shall notify the Commission of that fact, and the Commission shall certify the names and addresses of the candidates having the five highest scores on the eligible list for the class or grade to which such position belongs, and the appointing authority shall appoint to such position one of the persons certified to him."

FAC ¶ 28.  Hill alleges that she subsequently filed a complaint against Harris and complaints regarding the supervision and treatment of youth at the camp she supervises.  FAC ¶¶ 31, 32, 35, 36, 37.  She claims that she has since been subjected to three unmeritorious complaints

2

by staff alleging "workplace violence" and "discourteous behavior." Hill alleges "upon information and belief" that these complaints were "instigated by Defendant Harris, Ehmen-Krause, and/or their staff at their direction." FAC ¶ 39. Thereafter, Hill was placed on administrative leave and "denied another opportunity to be promoted" to Assistant Chief Probation Officer. FAC ¶ 43. "Upon information and belief," Hill alleges that Harris and Ehmen-Krause "knowingly directed and/or participated" in these actions and that "their motives are based, in substantial part, due to Plaintiff's race, age, and gender," as well as retaliation for Hill's complaints against Muhammad, Harris, and Ehmen-Krause. FAC ¶ 44.

Hill alleges six causes of action in her FAC: (1) Federal Civil Rights Act (42 U.S.C. § 1983—Free Speech); (2) Federal Civil Rights Act – Due Process (42 U.S.C. § 1983); (3) Conspiracy to Violate Federal Civil Rights (42 U.S.C. § 1985); (4) Violation of 42 U.S.C. § 1981; (5) Disparate Treatment in Violation of Fair Employment and Housing Act (Retaliation); and (6) Whistleblower Retaliation in violation of Labor Code § 1102.5(b), (c). Defendants move for an order dismissing Hill's second, third, and fourth causes of action under Federal Rule of Civil Procedure 12(b)(6) for failure to allege sufficient facts to state a plausible claim for relief. Mot. Dismiss (dkt. 13) at 2.

## II.   LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed for failure to state a claim upon which relief may be granted. Dismissal may be based on either "the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). For purposes of evaluating a motion to dismiss, a Court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." Usher v. City of Los Angeles, 828 F.2d 556, 561 (9th Cir. 1987). However, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986); Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994). Moreover, a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor

does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 557 (2007)). Rather, a complaint must plead "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

## III. DISCUSSION

### A. Second Cause of Action—Violation of Due Process

The gravamen of Hill's second cause of action for violation of due process under 42 U.S.C. § 1983 is that Defendants violated Hill's constitutional rights "by failing to comply with the specific conditions of promotion which Defendants . . . are required to follow and thereby refusing to consider her for a position as Deputy Chief." FAC ¶¶ 58–59. Defendants argue that this cause of action must be dismissed because Hill does not have a protectable life, liberty, or property interest in a promotion. Hill argues that the claim survives scrutiny because she is alleging a constitutionally protected interest in the procedural requirements for selection of a Deputy Chief as set out in the Alameda County Charter, which interest defendant Harris violated by declining to select any Deputy Chief at the end of the recruitment process. Opp. to Mot. to Dismiss (dkt. 15) at 2–3.

It is clear that in this Circuit, Hill has no protectable property interest in the promotion to Deputy Chief. "Property interests . . . are not created by the Constitution. Rather they are created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law-rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). "To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Leung v. City and Cty. of San Francisco, No. c-06-06042-WHA, 2007 WL 4570254 (N.D. Cal. Dec.

4

21, 2007) (quoting <u>Duncan v. Dept. of Personnel Administration</u>, 77 Cal. App. 4th 1166, 1175 (2000)).

The Ninth Circuit has applied these principles to the specific context of promotions. In <u>Nunez v. City of Los Angeles</u>, 147 F.3d 867, 871 (9th Cir. 1998), the court considered a claim brought by police officers who contended that their substantive due process rights were violated by the City's promotion of inexperienced candidates in disregard of official policy. The Ninth Circuit noted it was joining several other circuits in holding that the prospect of a promotion is not a property interest, and therefore the denial of the promotion at issue did not constitute a denial of property in violation of due process. <u>Id.</u> at 871–72.

Hence Hill's attempts to style her claim as not being one in the promotion itself, but rather in the <u>procedures</u> for promoting a Deputy Chief that she alleges were violated by Harris's decision not to fill the position at all.[1] In <u>Nunez</u>, the Ninth Circuit clarified that the plaintiffs at issue there also did not "have a property interest in the procedures for promoting candidates to lieutenant" because "[p]rocedural requirements can give rise to property interests only when they impose 'significant limitation[s] on the discretion of the decision maker.'" <u>Id.</u> at 873 n.8 (quoting <u>Goodisman v. Lytle</u>, 724 F.2d 818, 820 (9th Cir.1984)). "The procedures in the Los Angeles City Charter [did] not meet this standard" because in "[e]stablishing 'only an outline of relevant considerations,' the charter does very little to eliminate the discretion of those who evaluate candidates on the oral portion of the lieutenants examination." <u>Id.</u> (quoting <u>Goodisman</u>, 724 F.2d at 821).

And in <u>Goodisman</u>, the Ninth Circuit rejected a professor's claim that University officials deprived him of procedural due process by allegedly failing to follow the procedures established for making decisions on promotions and tenure. 724 F.2d at 820. The court noted that "procedural requirements ordinarily do not transform a unilateral expectation into

---

[1] It is difficult to discern whether Hill's claim is styled as alleging a violation of procedural due process as such or a deprivation of a substantive due process property interest in the County's procedure for promoting candidates. This distinction does not alter the end result here. <u>Compare</u> <u>Nunez</u>, 147 F.3d at 871 (determining that officers did not have a substantive due process interest in the process used to determine promotions), <u>with</u> <u>Goodisman</u>, 724 F.3d at 820 (determining that professor did not have a procedural due process interest in the process used for determining promotions).

5

a constitutionally protected property interest. Id. (citing Jacobson v. Hannifin, 627 F.2d 177, 180 (9th Cir. 1980)). Rather, a "constitutionally protected interest has been created only if the procedural requirements are intended to be a 'significant substantive restriction' on the University's decision making." Id. (quoting Jacobson, 627 F.2d at 180). Although the University's procedures specified "many strictly procedural steps," these were of "no constitutional significance" because they provided "only an outline of relevant considerations" that did not "enhance a candidate's expectation of obtaining tenure enough to establish a constitutionally protected interest." Id. at 821; see also Leung, 2007 WL 4570254 (granting defendant's motion for summary judgment on a § 1983 claim in which plaintiffs alleged a procedural due process interest in a promotion because the selection rules were not a significant limitation on promotion decisions).

Hill's second cause of action cannot survive these principles. Hill's only viable legal theory is that she had a due process property interest in the process used to select a candidate for promotion, not in the promotion itself, and that her due process rights were violated when Harris elected not to promote anyone at all after the recruitment process. But the underlying facts present an odd context in which to press this claim. It is not that Harris allegedly appointed the incorrect candidate to the position—rather, the allegation is that Harris violated the procedure by deciding not to appoint any candidate after having opened a recruitment process.

Under Nunez and Goodisman, procedural requirements only create a constitutionally protected interest "if the procedural requirements are intended to be a 'significant substantive restriction'" on the ACPD's decision-making. See Goodisman, 724 F.2d at 820. But Hill does not allege that the Alameda County Charter substantially restricts an appointing official's authority to select a candidate based on certain procedures—nor does she allege, even if that were to be the case, that the Charter limits the official's authority to leave the position unfilled. Hill quotes a line from the Alameda County Charter that states that when a position is to be filled by regular appointment, "the Commission shall certify the names and addresses of the candidates having the five highest scores on the eligible list" and "the

6

1    appointing authority shall appoint to such position one of the persons certified to him." FAC
2    ¶ 28. Hill alleges also that recruitment for the position was cancelled "because the Chief was
3    not able to establish five ranks for the examination," which appears to mean that there were
4    not five candidates with high enough examination scores for the position, and that "upon
5    information and belief, Defendants failed to follow the conditions with regard to considering
6    Plaintiff for a promotion." FAC ¶¶ 29–30. But nothing in the Charter or in the FAC
7    suggests that the process is a "significant substantive restriction" on the ACPD's decision-
8    making, nor, as relevant here, that the Charter restricts Harris's ability to decline to fill the
9    position—a crucial part of Hill's claim that her due process rights in the promotion procedure
10   were violated. In other words, to the extent that the Charter limits the discretion of the
11   appointing authority, it appears to eliminate discretion to choose a candidate outside of the
12   top five scorers—not to decline to fill the position at all if no qualified candidates exist.[2]

13           Accordingly, the FAC fails to state a § 1983 claim and the Court GRANTS the motion
14   to dismiss the second cause of action. This Court has discretion to "deny leave to amend due
15   to 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to
16   cure deficiencies by amendments previously allowed, undue prejudice to the opposing party
17   by virtue of allowance of the amendment, [and] futility of amendment.'" See Manzarek v. St.
18   Paul Fire & Marine Inns. Co., 519 F.3d 1025, 1034 (9th Cir. 2008) (quoting Leadsinger, Inc.
19   v. BMG Music Publ'g., 512 F.3d 522, 532 (9th Cir.2008)). The Court doubts that Hill's
20   second cause of action could be saved by amendment, which would have to plead facts
21   sufficient to show not only that Alameda County Charter (or other documents) substantially
22   restrict an appointing official's authority to select a candidate based on certain procedures,

---

[2] Moreover, the FAC does not allege that Hill was among the candidates with the five highest examination scores, which are the only candidates eligible to be promoted. Hill alleges only in the most general terms that Defendants violated her constitutional rights by failing to comply with the Charter's conditions of promotion and "refusing to consider her for a position as Deputy Chief despite her qualifications for that position." See FAC ¶ 59. Because her claim hinges on the promotion procedure, which states only that the appointing authority shall select a candidate from the list of those having the five highest scores, Hill has no plausible claim for relief unless she achieved one of the five highest scores. Cf. Nunez, 147 F.3d at 872 (rejecting officers' claims that a Consent Decree establishing promotion goals for minority officers granted them a property interest in a promotion because "[i]ndividual applicants for a promotion must still establish qualification").

7

but also that the Charter limits the official's authority to leave the position unfilled. Nothing in the Charter's text indicates this is so, or that such evidence exists outside the text. Nevertheless, the Court grants Hill leave to amend the second cause of action, to the extent that an amended complaint could address these legal deficiencies.

### B.    Third Cause of Action—Conspiracy to Violate Federal Civil Rights

Hill's third cause of action alleges that Defendants conspired to violate her civil rights in violation of 42 U.S.C. 1985.[3] Defendants' motion to dismiss this cause of action is GRANTED, for two reasons. First, the claim must be dismissed because Hill's second cause of action stating her § 1983 claim, as discussed above, also is dismissed. "[T]o state a claim for conspiracy under § 1985, a plaintiff must first have a cognizable claim under § 1983." Olsen v. Idaho State Bd. of Medicine, 363 F.3d 916, 930 (9th Cir. 2004) (citing Caldeira v. County of Kauai, 866 F.2d 1175, 1182 (9th Cir.1989)). Where, as here, a plaintiff's § 1983 claims are properly dismissed, the plaintiff cannot state a cognizable claim under § 1985, and those claims should also be dismissed. See Olsen, 363 F.3d at 930.

And second, the complaint alleges this claim only in the most conclusory of ways, and is woefully lacking in sufficient facts to state a plausible claim for relief.[4] "To state a claim for conspiracy to violate constitutional rights, 'the plaintiff must state specific facts to support the existence of the claimed conspiracy.'" Olsen, 363 F.3d at 929 (quoting Burns v. County of King, 883 F.2d 819, 821 (9th Cir.1989)). "A mere allegation of conspiracy without factual specificity is insufficient." Karim-Panahi v. Los Angeles Police Dep't., 839 F.3d 621, 626 (9th Cir. 1988) (citing Jaco v. Bloechle, 739 F.2d 239, 245 (6th Cir.1984); Burnett v. Short, 441 F.2d 405, 406 (5th Cir.1971)). As in Olsen, where the Ninth Circuit

---

[3] The FAC cites 28 U.S.C. § 1985 but presumably means 42 U.S.C. § 1985.

[4] Accordingly, the Court need not and does not reach at this juncture Defendants' argument that employees within a single entity, as alleged here, cannot form a conspiracy in violation of § 1985. Although the weight of district court authority appears to be on Defendants' side, the Ninth Circuit has not squarely determined the issue. See, e.g., Hofmann v. City and Cty. of San Francisco, 870 F. Supp. 2d 799, 809 (N.D. Cal. 2012) (holding that the 'intra-corporate conspiracy doctrine' precludes a § 1985 conspiracy claim involving representatives of the same employer); but see O.H. v. Oakland Unified School District, No. c-99-5123-JCS, 2000 WL 33376299 (N.D. Cal. 2000) (disagreeing).

affirmed the district court's dismissal of a plaintiff's § 1985 claim, Hill's "complaint is devoid of any discussion of an agreement amongst [Defendants] to violate her constitutional rights." See Olsen, 363 F.3d at 929–30.  Hill alleges only "upon information and belief" that Harris's actions were "taken in concert with Does One through Ten" to "deprive Plaintiff of rights secured by the Constitution" and that Defendants Harris, Ehmen-Krause, and Does One through Ten "unlawfully conspired with each other to engage in acts designed to silence Plaintiff, to prevent Plaintiff from engaging in protected speech and to deny Plaintiff's constitutional, statutory, and legal rights."  FAC ¶¶ 72–73.  These allegations "contain[] legal conclusions but no specification of any facts to support the claim of conspiracy," and therefore are dismissed.  See Karim-Panahi, 839 F.2d at 626.

Accordingly, the Court GRANTS the motion to dismiss the third cause of action.  The Court grants leave to amend, but any amendment must not only address the legal deficiencies of the third cause of action as just described, but also will be contingent on Hill's ability to amend the second cause of action on which her conspiracy claim depends.

### C. Fourth Cause of Action–Discrimination with Respect to Contracts

Hill's fourth cause of action for violation of 42 U.S.C. § 1981 also is unable to survive the instant motion to dismiss.  Section 1981 prohibits discrimination with respect to contracts "on account of [the plaintiff's] race or ethnicity."  Johnson v. Riverside Healthcare Sys., LP, 534 F.3d 1116, 1123 (9th Cir. 2008).  A § 1981 claim must be based upon a contractual relationship.  See Domino's Pizza v. McDonald, 546 U.S. 470, 479–80 (2006); see also Zimmerman v. City & Cty. of San Francisco, No. c-93-4045-MJJ, 2000 WL 1071830, at *10 (N.D. Cal. July 27, 2000) (citing Patterson v. McClean Credit Union, 491 U.S. 164, 171 (1989), superceded by statute on other grounds as recognized in CBOCS West, Inc. v. Humphries, 553 U.S. 442 (2008)).  But in it is "well-settled" that in California, the terms and conditions of public employment are determined by statute, not by contract.  See, e.g., Kemmerer v. County of Fresno, 200 Cal. App.3d 1426, 1432–35 (1988); Zimmerman, 2000 WL 1071830, at *10; Miller v. State of California, 18 Cal. 3d 808, 813 (1977).  "Since a contract of employment does not control the terms and conditions of civil service

employment" between Hill and the ACPD, Hill's fourth cause of action lacks the requisite contractual foundation for a § 1981 claim, and must be dismissed. See, e.g., Zimmerman, 2000 WL 1071830, at *10.[5]

In any event, the FAC's allegations are utterly inadequate to state a claim for racial discrimination with respect to contracts. "In order to prevail under § 1981, a plaintiff must prove purposeful discrimination." Patterson, 491 U.S. at 186 (citing General Building Contractors Assn., Inc. v. Pennsylvania, 458 U.S. 375, 391(1982)). "Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case." Fonseca v. Sysco Food Services of Arizona, Inc., 374 F.3d 840, 850 (9th Cir. 2004). Thus, Hill must plead that "(1) [s]he is a member of a protected class; (2) [s]he was qualified for [her] position; (3) [s]he experienced an adverse employment action; and (4) similarly situated individuals outside [her] protected class were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." See id. at 847.

Hill's conclusory allegations establish none of these elements. Her fourth cause of action alleges only that she "was treated adversely in her employment based on her race, . . . including, but not limited to, the failure to certify eligible candidates for the position of Assistant Chief Probation Officer and failure to promote in violation of 42 U.S.C. § 1981(b)" and that the "conduct of Defendants was intentional discrimination by Defendants based on race." FAC ¶¶ 81–82. None of these allegations give rise to a plausible inference that Harris (who also is an African American female) discriminated against Hill in failing to promote her (or any candidate) to the Deputy Chief position or took any other racially-motivated adverse employment action.

Accordingly, the Court GRANTS the motion to dismiss the fourth cause of action, and

---

[5] The district court in Peterson v. State of California Dept. of Corrections and Rehabilitation, 451 F. Supp. 2d 1092, 1110–1111 (E.D. Cal. 2006), denied a motion to dismiss in the case of a correctional officer alleging a race-based hostile work environment claim under § 1981. The court did so there in the context of rejecting defendant's argument that plaintiff had failed to plead sufficient facts. The parties do not appear to have argued, and the court did not address, the issue whether a lack of a contractual relationship for public employment was an independent reason to grant the motion to dismiss. See id.

does so without leave to amend because the lack of a contractual basis for Hill's employment is a legal infirmity that cannot be cured by amendment.

**IV. CONCLUSION**

For the foregoing reasons, the Court GRANTS the motion to dismiss.

**IT IS SO ORDERED.**

Dated: March 27, 2015


CHARLES R. BREYER
UNITED STATES DISTRICT JUDGE